## A. A. VANTINE & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. March 16, 1909.)

No. 5,192.

CUSTOMS DUTIES (§ 37*)—CLASSIFICATION—PAINTED CALENDAR—"PAINTINGS."
The term "paintings," in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 454, 30 Stat. 194 (U. S. Comp. St. 1901, p. 1678), includes hand-painted panels having a small calendar affixed, which is a trifling part of the entire article.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 37.*
For other definitions, see Words and Phrases, vol. 6, pp. 5158, 5159.]

On Application for Review of a Decision by the Board of United States General Appraisers.

The importation in controversy was made at the port of New York, and was classified as manufactures of wood, paper, etc., according to the component of chief value. The importers contended, inter alia, for classification under the provision for "paintings in oil or water colors," in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 454, 30 Stat. 194 (U. S. Comp. St. 1901, p. 1678). The Board of General Appraisers overruled this contention in an opinion reading in part as follows:

"FISCHER, General Appraiser. The merchandise consists of certain calendars which are hand-decorated. * * * The articles are calendars of various shapes and composed of various materials. Each calendar has a small calendar pad attached thereto, and the calendar backs are illustrated or ornamented with pictures painted by hand. We do not regard these articles as

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

paintings in a decorative sense. The purpose of the calendar is as an object of utility, rather than as a painting. Though hand-painted, the pictures on the calendars are merely incidental or auxiliary, and intended only to add an additional feature to an otherwise completed article.

"Following Woolworth v. U. S. (C. C.) 152 Fed. 483, T. D. 27,853, we overrule the protest and affirm the decision of the collector."

Kammerlohr & Duffy (John G. Duffy of counsel), for importers.
D. Frank Lloyd, Asst. U. S. Atty.

LACOMBE, Circuit Judge. The articles imported are hand-painted panels, to be hung on a wall or other appropriate place. To each one there is affixed a small calendar, manifestly a trifling part of the entire article. They seem to be within the principle laid down in Tiffany v. United States (C. C.) 66 Fed. 736, and should be classified under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 454, 30 Stat. 194 (U. S. Comp. St. 1901, p. 1678).

Decision reversed.